S. Florer, Pro-Se

# UNITED STATES DISTRICT COURT OF IDAHO

## SOUTHERN DIVISION

U.S. COURTS
JUL 08 2022
Rcvd_____Filed_____time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

SCOTT FLORER

v

IDAHO SUPREME COURT;

J BRODY; J BEVAN; J STEGNER;

J MOELLER; J SCHROEDER; AND

WALIZADA, IN THEIR INDIVIDUAL

AND OFFICIAL CAPACITY

CASE NO.

PETITION FOR REVIEW OF STATE SUPREME COURT DECISION ON STANDING WITH MEMORANDUM

## I. JUSISDICTION

U.S. Const. Article III.

28 U.S.C. 1331 Federal Question

U.S. Const. Article VI, Clause 2.

## II. INTRODUCTION

Pltf Florer, the tenant whom brought suit against Dft Walizada the landlord in State trial court alleging a violation of state law I.C. 6-320. The Dft moved for dismissal for lack of "standing" to bring suit, the State trial court found that the Pltf has standing, after trial, the Pltf was awarded

1 of 8

a judgment of damages. Dft appealed to the State Supreme court whom reversed finding that the Pltf did not have standing to bring suit, therefore, the state supreme court decision here is in conflict with U.S. Supreme Court precedent on "Standing" and Article III. of the United States Constitution.

### III. STATEMENT OF THE CASE

Pltf Florer, the tenant, brought suit against Dft Walizada, the landlord, in the District Court of the Third Judicial District of Idaho in the County of Payette, Case Florer v Walizada No. CV38-20-0031 on January 7th, 2020. See, Exhibit 1, Florer Decl. Attachment A (i.e., Pltf Motion to Augment The Record filed 5/11/21 in the State Supreme Court with a file stamped copy of the Complaint, Florer Decl. filed with the complaint, and Exhibit H, the I.C. 6-320 Notice). The St. Supreme Ct. Granted the record augmentation. Id. Attachment B. (Amended Order Granting the Pltf Record Augmentation dated 5/27/21).

The Dft moved to dismiss the Pltf complaint under I.R.C.P. 12(b)(6) for Lack of Standing. Id. Attachment C. (i.e., Dft Motion to Augment the Record filed 1/11/21 in the St. Supreme Ct. with a file stamped copy of the Motion to Dismiss for Lack of Standing, Trial Ct. Order on Motion to Dismiss, and the Judgement). Pltf responded citing Ashcroft v Iqbal, 556 US 662, 678 (2009). Id. Attachment D. (i.e., Excerpt of Clerks Record on Appeal Supreme Court Case No. 48290, Pltf Response to Dft 12(b)(6) filed on 1/30/20.).

A hearing was held on January 30th, 2020 by the Honorable District Judge Wiebe on the Dft 12(b)(6) Motion to Dismiss for lack of standing. Id. Attachment E, ( Tr. Vol. 1, p. 10, L 5-11 Excerpt of Reporters Transcript of Proceedings, Thursday, January 30, 2020 Hearing on Dft Motion to Dismiss). Dft Motion to Dismiss was Denied, the trial court stating, *inter alia*, "[Idaho Code] 6-320 requires that the tenant give a three-day notice specifying repairs in order to have standing. That has been done. That is Exhibit H of the complaint." Id., citing Young v City of Ketchum, 137 Idaho 102 (2002), "The issue is not whether the Pltf will ultimately prevail but whether the party is able to offer evidence to support the claims." Id. "He did a Three-day Notice before he filed an action, so I find that he does have standing." Id.

At trial, the Dft re-argued his prior motion to dismiss where the trial court responded that, "It's a jurisdictional part of this case. It was done. As long as he gives that notice three days before he initiates an action, he has complied with the statute." Id. Attachment E, (Tr. Vol. 1, p. 17, L 6-10). After trial, a monetary judgment was entered against the Dft for $4,833.22. Id. Attachment C, (Judgment).

Dft appealed the denial by the trial court of his rule 12(b)(6) motion to dismiss to the State Supreme Ct. Id. Attachment C, (Notice of Appeal). Dft filed his St. Supreme Ct. Appeal and Reply briefs. Id. Attachment F. Pltf filed a Response brief. Id. Attachment G. The St. Supreme Ct. than calendared the case for Oral Argument. Id. Attachment H. Accordingly, Pltf submitted Additional Citations For Oral Argument With Reference To The Issues citing Federal law, Lujan's Article III Standing elements. Id. Attachment I.

At oral argument on June 7th, 2021, the Pltf argued the Standard of Review for Standing is-- Lujan v Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)--, the State Supreme Ct. refused to acknowledged Lujan, J Moeller responded that their decision is, "Not Federally reviewable" and all State Justices in their opion contend that, the tenant has no standing to sue the landlord, thus under I.C. 6-320, a tenant has no standing for remedial action against a landlord in the State of Idaho. Id. Attachment J, (Official Receipt ID S.Ct. dated 6/15/21, with the CD, Case 48290 Florer v Walizada Oral Argument June 7, 2021).

Said another way, the State Supreme Ct. reversed the State Trial Ct. due to Lack of Standing. Id. Attachment K, (St. Supreme Ct. Opion. See also, isc.idaho.gov on the state gov. web site, scroll down to View Our Hearings Archive and click it, scroll down to June 7, 2021 Florer v Walizada and click the Dkt. No. 48290).

Therefore, the State Supreme Ct. has violated the U.S. Constitution Article III. and U.S. Const. Article VI, Clause 2. Article III Standing is "the Supreme Law of the Land; and the Judges in every State Shall be bound thereby". U.S. Const. Article VI, Clause 2.

Pltf filed a Petition for Rehearing in the State S.Ct. on July 9th, 2021. Id. Attachment L. That was denied on July 19th, 2021. Id. Attachment M. (See, the State S.Ct. Remitter). Id. On August 10th, 2021 the trial court filed an Order Vacating Judgment Entered August 4th, 2020 and Order Granting Defendant's Motion to Dismiss. Id. Attachment N.

## IV. STANDARD OF REVIEW

"Weather a const. right was violated…is a question of fact." <u>Tirtu v Las Vegas Metro</u>, 556 F.3d 1075, 1085 (9th Cir. 2009).

## V. SUBSTANTIVE LAW

The core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III. See, <u>Lujan</u>, 504 U.S. 555, 560. "Our cases have established that the irreducible constitutional minimum of standing contains three elements. First, the Pltf must have suffered an 'injury in fact'… Second, there must be a 'causal connection' between the injury and the conduct complained of… Third, it must be likely … that the injury will be redressed by a favorable decision." <u>Lujan</u>, 504 U.S. 560-61. See also, <u>Young v City of Ketchum</u>, 137 Idaho 102 (2002). The party invoking federal jurisdiction bears the burden of establishing these elements. <u>Lujan</u>, 504 U.S. 561.

## VI. ARGUMENT

### A. PRE-TRIAL 12 (b)(6) MOTION TO DISMISS

The trial court cited <u>Young v City of Ketchum</u>, 137 Idaho 102 (2002) in finding that the Pltf had standing at the January 30, 2020 hearing on Dft IRCP 12(b)(6) motion to dismiss. <u>Young</u> follows Federal law as to Article III. Standing. "To Satisfy the case or controversy requirement of standing, a litigant must 'allege or demonstrate an injury in fact and a substantial likelihood the relief requested will prevent or redress the claimed injury.'" <u>Young</u>, 137 Idaho 102, 104. The trial court relied on <u>Young</u>, the Complaint, and the I.C. 6-320(d) Notice, Exhibit H of the complaint to deny Dft motion to dismiss.

Furthermore, the context of I.C. 6-320(d) does not state that—*when one or more of the six listed failures or breaches is and/or has been installed*—a tenant has no standing to file suit over the defects listed in the I.C. 6-320(d) Notice. "the notice provision in I.C. 6-320(d) 'acts as a specific limitation on a citizen's right to bring suit.' Hallstrom v Tillamook Cnty., 493 U.S. 20, 26 (1989) (construing a notice provision that requires sixty days' notice before an action may be commenced). The notice provision, in other words, is a hurdle that the tenant must clear before prosecuting an action. Indeed, in federal courts, the plaintiff's failure to comply with a notice provision like I.C. 6-320(d) requires dismissal of the action. See, Hallstrom, 493 U.S. at 31." See, Rekow v Weekes, 158 Idaho 868, 870 (2015)(citing, Hallstorm).

The State trial court followed the law at the Dft 12(b)(6) hearing and found that Pltf has standing. See, Exhibit 1, Attachment E (Tr. Vol. 1, p. 7-17).

However, the State Supreme Ct. found that Pltf lacks standing and reversed, failing to follow the elements of Article III Standing in this case, therefore, violating the U.S. Const., Article III.; U.S. Const. Article VI, Clause 2.

The State Supreme Court alleges that it, "has adopted the Federal justiciability standard" Radford v Van Orden, Dkt. No. 47364 March 2021 (citing, State v Philip Morris, Inc., 158 Idaho 874, 881 (2015); Koch v Canyon Cnty., 145 Idaho 158, 161 (2008)("When deciding whether a party has standing, we have looked to decisions of the United States Supreme Court for guidance."). To establish standing, "a plaintiff must show (1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likelihood' that the injury 'will be redressed by a favorable decision.' Susan B. Anthony List v Driehaus, 573 U.S. 149, 157-58 (2014) (quoting Lujan v Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).

Here, the State supreme court exercised its ***Arbitrary State Power*** in reviewing the decision of the trial court by focusing on-*the issues the party wishes to have adjudicated*-the heat source installation, rather than-*focusing on the party seeking relief*. "Standing focuses on the party seeking relief and not on the issues the party wishes to have adjudicated". Young, 137 Idaho 104.

The complaint and notice show an 'injury in fact' in that the Pltf went without a heat source for eight months, had to locate, pay for, modify the heat source parts, and install the heat source--*at the direction of the Dft*--whom will deduct said costs from the rent. See, Attachment A, (The

Complaint p. 2-3 and I.C. 6-320(d) Notice). When the Pltf tenant was finished with the Dft landlord's heat source installation,--*Dft changed his mind*--and demanded that the Pltf pay for everything or be evicted. Id. Thus, the 'causal connection'. Furthermore, the Pltf requested relief in damages in his complaint. Id. Therefore, meeting the Third Element as well, 'that a favorable decision will redress the claimed injury'. "To satisfy the case or controversy requirement of standing, a litigant must 'allege or demonstrate an injury in fact and a substantial likelihood that the relief requested will prevent or redress the claimed injury'. Young, 137 Idaho 102, 104; Lujan, 504 U.S. 555, 560-61.

Therefore, the State S.Ct. reversal of the State trial court is based upon *arbitrary state power* rather than the required elements of standing, thereby their decision here is contrary to and in conflict with U.S. Supreme Court precedent, Constitutional Article III Standing, and violating the U.S. Const. Article VI, Clause 2, in that, Article III Standing is the Supreme Law of the Land that the five (5) state court judges are required to follow, respectively, *absent their arbitrary state government power*.

Based upon the St. Supreme Ct. opion in this case reversing the trial court, no tenant has standing under I.C. 6-320 once any one of the six listed failures or breaches are installed, *notwithstanding the battle the tenant has with the landlord over when, how, and who is going to install the heat source and who locates, retrieves, and pays for the heat source parts*, for the rented residential premises heat source. Said another way, a Idaho landlord need only have the tenant install one or more of the I.C. 6-320 listed failures or breeches at no cost to the landlord and/or a residential premises rented in Idaho now only requires that the I.C. 6-320 listed failures be installed, *working or not*, and if not working, a tenant has no standing under I.C. 6-320 to justiciable issues, therefore, the state's statute does not provide any remedy to justiciable issues between landlord and tenant, therefore, IC 6-320 is unconstitutional.

### B. TRIAL

At the final stage, those facts (if controverted) must be 'supported adequately by the evidence adduced at trial.' Lujan, 504 U.S. 555, 561; Young, 137 Idaho 102, 104. The trial court's

Findings of Fact, are supported adequately by the evidence adduced at trial. Id. Attachment E, (Tr. Vol. 1, p. 139-150 Findings of Fact/Conclusions of Law). Thus, standing had been proved at the trial stage of the proceedings as well.

Here, The St. Supreme Ct. has intentionally refused to follow U.S. Supreme Court precedent on Standing, by the use of, *arbitrary state gov. power*. See, Radford v Van Orden, Dkt. No. 47364 March 2021 (citing, State v Philip Morris, Inc., 158 Idaho 874, 881 (2015); Koch v Canyon Cnty., 145 Idaho 158, 161 (2008)("When deciding whether a party has standing, we have looked to decisions of the United States Supreme Court for guidance."). The St. Supreme Ct. Opion here conflicts with federal law, Article III Standing, and is preempted by the Federal law on Standing, Lujan. This Idaho State Supreme court *selectively* applies Standing based upon who the litigants are, as here.

Furthermore, I.C. 6-320 conflicts with federal law as well. "Under the Supremacy Clause, State law that conflicts with Federal law is of no effect and is preempted by the Federal law." Lassen v Nissan N. Amr. Inc., 211 F.Supp.3d 1267, 1275-76 (2016); "Federal preemption occurs when; ... (2) state law actually conflicts with federal law." Viggiano v Hansen Natural Corp., 944 F.Supp.2nd 877, 886 (2013) (citations omitted). Based on the St. Supreme Ct. Opion in this case, Stat. I.C. 6-320 conflicts with federal law as it does not allow Article III standing to justiciable issues between landlord and tenant when one or more of the six listed failures or breaches listed in I.C. 6-320(a), are installed, as well as the time frame to install, who actually installed, and who pays for the installation parts. Attachment J, Opion.

## VII. PRAYER FOR RELIEF

Declaratory Relief that the State Supreme Court has violated the United States Constitution by the use of Arbitrary State Power.

Declaratory Relief that I.C. 6-320 violates the United States Constitution.

Monetary Damages in the amount of $100,000.00.

Litigation costs for the State court appeal. I.A.P. 40.

Litigation costs for the Federal litigation. F.R.C.P.

Other applicable Relief.

Judgement that the State Supreme Court decision is Vacated and the State Trial Court decision Stands.

Accrued interest from the date of the State trial Ct. judgement.

I, Scott Florer, certify that the aforegoing is in compliance with F.R.C.P. Rule 11(b).

Date: 7/07/22

Print: Scott Florer

Sign: S Florer