UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SCOTT FLORER<br><br>Plaintiff,<br><br>v.<br><br>IDAHO SUPREME COURT, *et al.*,<br><br>Defendants. | Case No. 1:22-cv-00274-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

Pending before the Court is Defendants'[1] Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 8. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons outlined below, the Court GRANTS the Motion to Dismiss and DISMISSES this case WITH PREJUDICE.[2]

---

[1] The other named Defendants in this case are as follows: Justice Brody, Justice Bevan, Justice Stegner, Justice Moeller, Justice Schroeder, and Walizada. Florer brought suit against the justices in their individual and official capacities. Walizada is the landlord/defendant in the underlying lawsuit in state court. However, Walizada is not a party to the motion to dismiss and it does not appear that he has been served in this case.

[2] The case will be dismissed with prejudice as to all parties involved—including Walizada. The Court does so *sua sponte*. There are several reasons to dismiss the case as to Walizada: (1) failure to abide by the

(continued)

MEMORANDUM DECISION AND ORDER - 1

## II. BACKGROUND

This case arises from an underlying landlord-tenant dispute which was litigated in state court in Payette County, Idaho. Florer, the tenant, rented a home from Walizada, the landlord. A dispute arose over the heat source in the home and how to repair or cure it by installing a stove as a heat source. Walizada served a 30-day notice to evict. Florer served a notice alleging breach of the warranty of habitability, followed by an action under Idaho Code § 6-320. Walizada filed a motion to dismiss. He argued that Florer had already installed a new heat stove two months prior to the 3-day written notice of deficiency; thus, by the time he received the 3-day notice there was no deficiency to correct. The state district court denied the motion to dismiss. A bench trial followed. The district court awarded

---

pleading standards under Fed. R. Civ. P. 8(a); (2) lack of standing; (3) lack of subject matter jurisdiction; and (4) Walizada was never served. Normally, these reasons would not justify dismissing a case with prejudice. *See Harris v. Cty. of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment."); *Fleck & Assocs., Inc. v. Phoenix*, 471 F.3d 1100, 1106-07 (9th Cir. 2006) (Dismissal for lack of standing is without prejudice); *Balderas v. United Parcel Serv., Inc.*, 385 F. Supp. 3d 1090, 1098 (D. Idaho 2019) (A case dismissed for lack of subject matter jurisdiction should normally be without prejudice).

However, as *Harris* points out, dismissing with prejudice may be appropriate when the Court finds that the complaint could not be saved by an amendment. In considering whether dismissal with prejudice is appropriate, a district must "articulate why dismissal should be with prejudice instead of without prejudice." *Stoyas v. Toshiba Corp.*, 896 F.3d 933, 939 (9th Cir. 2018) (quoting *Eminence Cap., LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003)), *see also Foman v. Davis*, 371 U.S. 178 (1962) (holding that dismissal with prejudice is up to the sound discretion of the district court, but noting that the district court must justify its reasons for doing so).

Here, there are ample reasons to dismiss with prejudice. For one, Florer's complaint only mentions Walizada's name as part of the underlying state lawsuit. The complaint is directed towards the Idaho Supreme Court—not Walizada. Second, the relief sought by Florer—declaratory relief that Idaho Code § 6-320 violates the Constitution and to vacate the judgement of the Idaho State Supreme Court—is in no way connected to Walizada. Walizada was merely Florer's landlord in the underlying case. Walizada is in no position to either overturn the decision of the Idaho Supreme Court or invalidate state law. Third, as noted above, there is no indication that Walizada has been served. While this could be easily fixed, the Court sees no benefit allowing Florer to serve Walizada. Even if Walizada was served, there is no plausible way that Florer could amend his complaint so as to remedy all the other deficiencies. As such, the complaint will be dismissed with prejudice as to Walizada as well as the justices.

MEMORANDUM DECISION AND ORDER - 2

$4,833.33 in damages for breach of warranty.

Walizada appealed the denial of his motion to dismiss. The Idaho Supreme Court reversed and held that Florer's notice to the landlord did not comply with the statutory requirement that demands performance or cure. *Florer v. Walizada*, 489 P.3d 843, 846 (Idaho 2021). The court noted that for a tenant to obtain standing, "the tenant must give a three-day notice specifying repairs." *Id.* (quoting I.C. § 6-320). Florer failed to comply. The court, therefore, reversed denial of Walizada's motion to dismiss, vacated the judgment awarding Florer damages, and remanded the case with instructions to enter judgment in favor of Walizada on the breach of warranty claim. The court's opinion was filed on June 25, 2021. Rehearing was denied on July 19, 2021.

On July 8, 2022, Florer filed his current federal Petition now pending. Dkt. 1. In his Petition, he asks the Court for "declaratory relief" from the Idaho Supreme Court's decision in the state case. *Id.* He argues that the Idaho Supreme Court's decision conflicts with the United States Supreme Court's precedent on Article III standing. The Defendants disagree and contend that Florer's complaint fails to state a cognizable claim, the justices have absolute judicial immunity, the claim is barred by the *Rooker-Feldman* doctrine, and that the constitutional standing requirement is separate and apart from the statutory requirements of I.C. § 6-320. Dkt. 8.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim if the plaintiff has "fail[ed] to state a claim upon which relief can be granted. A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of

sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007). "This is not an onerous burden." *Johnson*, 534 F.3d at 1121.

A complaint "does not need detailed factual allegations," but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. The complaint must also contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570. In considering a Rule 12(b)(6) motion, the Court must view the complaint in the light most favorable to the claimant and "accept[] all well-pleaded factual allegations as true, as well as any reasonable inference drawn from them." *Johnson*, 534 F.3d at 1122.

## IV. ANALYSIS

Defendants move to dismiss Florer's Complaint for several reasons. First, they argue the Idaho Supreme Court and justices have absolute judicial immunity. Second, they argue that any appeal from the Idaho Supreme Court must be brought before the United States Supreme Court. Third, they argue that a review of the Idaho Supreme Court's decision by this Court is barred by the *Rooker-Feldman* doctrine. Finally, Defendants point out that I.C. § 6-320(d), the statute which precluded Florer from bringing suit in state court, "is merely a pre-suit written notice requirement a tenant must give to a landlord, so the latter has an opportunity to perform or cure the alleged breach of warranty of habitability."

MEMORANDUM DECISION AND ORDER - 4

Dkt. 8, at 3. It is not a constitutional requirement. The Court will analyze each in turn.

### A. Absolute Judicial Immunity

Defendants' first contention is that this case is barred by the doctrine of judicial immunity. Absolute immunity applies to justices "for judicial acts taken within the jurisdiction of their courts." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). The Ninth Circuit explained, "The factors relevant in determining whether an act is judicial 'relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.'" *Id.* Justices have long been accorded absolute immunity from damage actions arising out of judicial acts taken within the jurisdiction of their courts. *See Wyatt v. Cole*, 504 U.S. 158 (1992); *Bradley v. Fisher*, 80 U.S. 335 (1871). Title 42 U.S.C. § 1983 was not intended to abolish the doctrine of judicial immunity. *Pierson v. Ray*, 386 U.S.547, 554–55 (1 967). Judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193 (1985) (quoting *Bradley*, 80 U.S. at 347). Said another way, justices have absolute immunity from suit for damages arising from their judicial acts unless they acted in a complete absence of jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 12 (1991).

Florer's main contention is that the Idaho Supreme Court ignored federal standing requirements by imposing statutory standing requirements under I.C. § 6-320. He argues the Idaho Supreme Court's decision is "based upon *arbitrary state power* rather than the required elements of standing." Dkt. 1, at 6. Nothing could be further from the truth. Their

decision was not based upon Article III standing;[3] it was based upon the requirements set forth in I.C. § 6-320, i.e., statutory standing. As the Ninth Circuit has stated:

> It is not enough, however, for a plaintiff to satisfy the constitutional standing requirements of Article III. A plaintiff must also satisfy the non-constitutional standing requirements of the state under which he or she seeks to bring suit. This non-constitutional standing inquiry is not whether there is a "case of controversy" under Article III, and thus does not go to our subject matter jurisdiction. Rather, the nonconstitutional standing inquiry is whether a particular plaintiff has been granted a right to sue by the statute under which he or she bring suit. Once the Article III standing requirement is satisfied, this is a purely statutory inquiry.

*City of Sausalito v. O'Neill*, 386 F.3d 1186, 1199 (9th Cir. 2004). Presumably, Florer satisfied Article III standing requirements but failed to satisfy the statutory standing requirements under I.C. § 6-320—the statute under which Florer brought suit.

No other arguments were made as to why judicial immunity should not apply here. Indeed, the Court finds none. Therefore, to the extent that Florer brings suit against the justices in their official capacity, his suit is barred by the doctrine of judicial immunity.

## B. Appellate Review of the Idaho Supreme Court

Defendants' next contention is that this Court lacks jurisdiction to hear this case, and if Florer wishes to appeal the Idaho Supreme Court's decision, he must petition for writ of certiorari to the United States Supreme Court. Dkt. 8, at 8. Defendants point to 28 U.S.C. § 1257(a), which provides that judgments from a state's highest court are reviewable by the United States Supreme Court. To the extent that Florer asks the Court to overturn the Idaho Supreme Court's decision, the Court agrees with the Defendants. There

---

[3] "Idaho has adopted the constitutionally based federal justiciability standard" established by the U.S. Supreme Court. *State v. Philip Morris, Inc*, 354 P.3d 187 (Idaho 2015).

is no statute which grants this Court the authority to hear an appeal from the Idaho Supreme Court.

Florer now contends that he brought suit under 28 U.S.C. § 1331.[4] It is Florer's belief that Idaho Code § 6-320 violates the United States Constitution because it conflicts with Article III standing requirements. Dkt. 10, at 4–5. There are a couple of issues here. First, the named defendants are not responsible for enacting I.C. § 6-320. That would be the Idaho Legislature. If Florer wishes to bring a claim that I.C. § 6-320 violates the Constitution, he may do so, but he must name the appropriate defendants. The Defendants, here, are in no position to remedy Florer. Second, even if the appropriate defendants were named, the Court would disagree with Florer. I.C. § 6-320 does not conflict with Article III standing.[5] As noted above, a party must satisfy both statutory standing and constitutional standing. *See O'Neill*, 386 F.3d, at 1199.

### C. Rooker-Feldman Doctrine

Defendants also point to the *Rooker-Feldman* doctrine to contend that Florer's suit should be dismissed. Not long ago, this Court noted that "the *Rooker-Feldman* doctrine barred the Court from exercising jurisdiction over challenges to state-court decisions—in particular cases arising out of judicial proceedings—even if those challenges allege that the state court's action was unconstitutional." *Paddock*, 2022 WL 3139120, at *5 (cleaned

---

[4] Nowhere in Florer's complaint does he mention that he brought suit pursuant to § 1331. It was not until his Response Motion that he brought up § 1331.

[5] Typically a party bringing suit in state court does not have to satisfy Article III standing requirements. However, the Idaho Supreme Court has ruled that in order for a party to have standing, they must satisfy the same standing requirements set forth by the United States Supreme Court. *Philip Morris*, 354 P.3d, at 194.

up). This is exactly what Florer is asking the Court to do here. He wants the Court to find that the Idaho Supreme Court's decision on standing violates the Constitution. Florers attempts to change course in his Response Motion to argue that "this is not an appeal of a final judgment by the State," Dkt. 10, at 5. However, in Florer's complaint, he specifically asks this Court to vacate "the State Supreme Court decision." Dkt. 1, at 8. This Court does not have that authority.

### D. Statutory Standing verses Constitutional Standing

Lastly, Defendants note that the standing requirements under I.C. § 6-320 are fundamentally different than constitutional standing. This Court has already addressed this to great length. Statutory standing and constitutional standing are two different requirements—both of which must be satisfied. Florer failed to satisfy the requirements of I.C. § 6-320.

In conclusion, Florer's claims are barred by the doctrine of judicial immunity. To the extent that Florer wishes to appeal the decision of the Idaho Supreme Court, he must petition for writ of certiorari with the United States Supreme Court. Moreover, the *Rooker-Feldman* doctrine bars this Court from reviewing state court decisions. Finally, to the extent that Florer contends that I.C. § 6-320 violates the United States Constitution, He cannot bring that suit against these defendants.

///

///

///

## IV. ORDER

IT IS HEREBY ORDERED that:

1. Defendants' Motion to Dismiss (Dkts. 11) is GRANTED.

2. This case is DISMISSED WITH PREJUDICE and CLOSED.

DATED: November 2, 2022

_____
David C. Nye
Chief U.S. District Court Judge